**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION**

Bryant Loving,                                                             Civil No. 09-1403 PAM/AJB

               Petitioner,

v.                                                       **REPORT AND RECOMMENDATION**

B.R. Jett,
Warden, FMC–Rochester,

               Respondent.

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on petition for habeas corpus relief by a federal prisoner pursuant to 28 U.S.C. § 2241. The action has been referred to the magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Petitioner Bryant Loving is confined at the Federal Medical Center ("FMC") at Rochester, Minnesota, pursuant to conviction and sentencing in United States District Court, Northern District of Georgia, on drug distribution charges. Mr. Loving was sentenced in November 1995, to a term of 210 months, to be followed by five years supervised release. His projected release date, with credit for good time, is July 9, 2010.

It is petitioner's claim in this action that respondent has improperly applied the Second Chance Act of 2007 ("SCA"), Public Law 110-199. Petitioner has been advised that he would be eligible for 120 to 180 days Residential Reentry Center ("RRC") placement immediately prior to his projected release date, thereby allowing RRC placement in January or February 2010. He now argues that the respondent has erred in failing to grant him the significantly greater amount of community or home confinement time allowed under the SCA. Mr. Loving asserts that the SCA and Bureau of Prisons ("BOP") regulations authorize pre-

release programming for the final 12 months of a inmate's sentence and that BOP staff have been improperly denied discretion to recommend RRC placements greater than 6 months duration. Petitioner generally alleges that he is being denied pre-release placement for a time that would permit the greatest likelihood of successful family and community reintegration as authorized under the SCA, and as determined in Strong v. Schultz, 599 F.Supp.2d 556 (D. N.J. 2009). Loving acknowledges that he has not exhausted available administrative remedies and argues that he should be excused from the exhaustion requirement so that he can receive the entire 12-months halfway house placement that he now requests.[1] For the reasons discussed below, it is recommended that the petition [Docket No. 1] be dismissed without prejudice for failure to exhaust administrative remedies.

**Background and Claims**

Petitioner Bryant Loving is a federal prisoner who is currently incarcerated at FMC–Rochester, Minnesota. He was convicted in the Northern District of Georgia pursuant to guilty plea to one count of possession with intent to distribute cocaine and was sentenced on November 17, 1995, to 210 months imprisonment and five years supervised release. His current projected good conduct release date is July 9, 2010. A provision of the Second Chance Act allows the BOP to grant an inmate as much as the last 12 months of his sentence in community

---

[1] In his petition in this district court action, Mr. Loving expressly indicates that he is seeking a 12-month RRC placement. However, his initial request to his unit team was for a 9-month RRC placement, and he further submitted an administrative remedy request to the warden, and a subsequent appeal to the BOP Regional Director, in which he consistently requested a 9-month RRC placement as an option.

or home confinement. 18 U.S.C. § 3624(c)(1).[2] Mr. Loving made a request for individual assessment for a release plan pursuant to the SCA, and a review for halfway house placement was conducted by his unit team on December 17, 2008.[3] Petitioner was advised that a pre-release placement time of 120-180 days was being recommended. The prisoner submitted a subsequent request for explanation of the placement decision on December 23, 2009, to which his case manager responded by stating that the matter was discussed at the initial team review,[4]

---

[2] 18 U.S.C. § 3624(c) states in parts pertinent to this action:

> (1) **In general**–The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) **Home confinement authority**–The authority under this subsection may be used to place a prisoner in home confinement for the shorter of ten percent of the term of imprisonment of that prisoner or six months.
>
> (4) **No limitations**–Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.
>
> (6) **Issuance of regulations**–The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection no later than 90 days after the date of enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is–
>
>> (A) conducted in a manner consistent with section 3621(b) of this title;
>>
>> (B) determined on an individual basis; and
>>
>> (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

[3] Decl. of Anne C. Kinyon, ¶ 3. Mem. in Support of Pet'r, Attach.

[4] Mem. in Support of Pet'r, Attach. Petitioner disputes specific representations stated in the response regarding considerations under the Second Chance Act.

3

and the recommended placement time was made in light of the petitioner's documented family and community ties, established release residence with his wife, general job skills, financial resources, life skills, term of sentence, and history of violence.[5] The unit team recommendation would permit the prisoner's RRC placement to begin as early as January 2010. Petitioner thereafter submitted a written Request for Administrative Remedy to the warden, therein stating that "I would like to have the full year, but I believe for me a 9 month period is enough for me to slowly start to rebuilding my life, . . .".[6] The warden denied the request by response dated February 27, 2009,[7] and affirmed the unit team's recommendation for a maximum 180 days halfway house placement. Mr. Loving appealed the warden's decision to the Regional Director on or about March 10, 2009,[8] now asking to be reconsidered for a 12 month RRC placement. The regional appeal was denied by Response dated April 14, 2009.[9] Finally, petitioner sought relief from the BOP's Central Office by administrative remedy appeal dated April 27, 2009.[10] This action in district court was commenced on June 15, 2009, prior to receipt of a response from

---

[5] Criteria relating to designation of place of imprisonment to be considered under 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c)(6)(A) are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the United States Sentencing Commission.

[6] Mem. in Support of Pet'r, Attach.

[7] Id.

[8] Id.

[9] Id.

[10] Mem. in Support of Pet'r, Attach.

4

the Central Office. The administrative appeal was ultimately denied by the Central Office in a response dated July 17, 2009.[11]

Petitioner Loving specifically and simply states that this action is based on the decision in Strong v. Schultz, 599 F.Supp.2d 556, asserting that this case presents the same situation to the court as was presented in Strong with respect to both exhaustion and the merits of the petition. Respondent opposes the petition in this matter, arguing that Mr. Loving is not entitled to the relief he requests under Strong or otherwise, and in addition, he must complete the BOP's three-part administrative process in entirety before seeking relief in federal court.

## DISCUSSION

**Exhaustion**

When grievance procedures exist to provide a means for impartial review, a federal prisoner must exhaust available administrative remedies within the correctional system before seeking extraordinary relief in federal court. Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974). The BOP has established a three-tiered administrative remedy program to address prisoner concerns relating to any aspects of confinement. The first tier of the process requires that an inmate initially seek informal resolution of the grievance and, if there is no informal resolution he must present the complaint to the warden of the facility of confinement. 28 C.F.R. Part 542.13. Thereafter, at the second tier, an unsatisfactory response from the warden may be appealed to the BOP Regional Director, and finally, the response of the Regional Director may be appealed to the Central Office of the BOP at the third tier. 28 C.F.R. Part 542.15. A prisoner's complaint has been exhausted, and is thereby subject to district court review, upon

---

[11] Letter dated August 4, 2009, from respondent to the court. [Docket No. 11].

receipt of the Central Office response.

Petitioner Loving expressly acknowledges that he has not followed the entire administrative remedy process in this matter and simply contends that his non-exhaustion should be excused under the authority of Strong v. Schultz, 599 F.Supp.2d at 561, wherein the court declined to dismiss the case for failure to exhaust, and upon consideration of the merits, remanded the matter to the BOP with instructions to consider granting the prisoner a longer half-way house placement, in accordance with the Second Chance Act.[12]

The petitioner's reliance upon Strong with respect to exhaustion of administrative remedies is misplaced. In Strong, the district court excused the prisoner from exhausting administrative remedies largely because he had already completed the full three-step Administrative Remedy Program with respect to essentially the same claim that he was entitled to the full 12-month half-way placement under the SCA, and the purposes of exhaustion would not be served by requiring a second round which would likely moot his SCA claim through no fault of his own. Strong, 599 F.Supp.2d at 561. Mr. Loving did not complete one full round of the administrative appeals process before commencing this action in district court. Moreover, to the extent that requiring completion of administrative appeals would moot the § 2241 claim for a 12-month RRC placement, commencing July 9, 2009, that circumstance is merely a consequence of the petitioner's own manipulations in declaring a deadline that is inconsistent with his own

---

[12] Strong had been given a six-month half-way house placement and was seeking the maximum 12-month CCC placement, largely because he had been diagnosed with a terminal illness. Strong v. Schultz, 599 F.Supp.2d at 558. The district court specifically advised the BOP to consider designating Mr. Strong to a half-way house for the remainder of his sentence because he had only nine months remaining on the sentence. Id. at 563 n.4.

6

belief that "a 9 month period is enough for me to slowly start to rebuilding my life, . . . .".[13]

Nonetheless, the court concludes that the petitioner's failure to exhaust remedies was essentially cured during the pendency of the district court action as a result of the BOP Central Office denial of his appeal, issued on July 17, 2009.[14] See Leighnor v. Turner, 884 F.2d 385, 388 (8th Cir. 1989). While the court is hesitant to make a ruling that would allow a parallel district court action to proceed during the pendency of administrative appeals, in this instance the prisoner had performed his part with respect to the 3-tiered appeals process prior to filing this action, and the administrative process in now complete. Under the singular circumstances in this case, compelling the petitioner to undertake a second round of administrative appeals, therein alleging essentially the same grounds for relief, would be entirely redundant and demonstrably futile, and the court will therefore consider the merits of the petition.[15]

**Merits**

Mr. Loving filed an initial petition and supporting memorandum in which he merely alleged that he had asked his unit team for 9 months halfway house time to provide the greatest likelihood of successful reintegration with his family and community, and that he was

---

[13] Mem. in Support of Pet'r, Attach.

[14] Letter dated August 4, 2009, from respondent to the court.

[15] The respondent contends that the petitioner's claim on appeal has been substantively altered as a result of his changing his demand for relief from the initial request for 9 months RRC placement, to a request for the full 12 months RRC placement available under 18 U.S.C. § 3624(c). The court declines to recognize such a distinction where RRC placement recommendations are typically given in ranges, i.e. 120-180 days, and the BOP position is not based upon whether the petitioner seeks a 9-month pre-release placement or a 12-month placement, but rather, is based upon the mere determination that 120-180 days is enough time for successful reintegration.

7

now seeking "the full year under Douglas Arthur Strong v. Paul Schultz."[16] In <u>Strong v. Schultz</u>, 599 F.Supp.2d 556, the court ruled that the duration of the prisoner's pre-release placement had been limited to six months in accordance with a BOP Memorandum dated April 14, 2008, which impermissibly limited staff discretion to designate a greater amount of placement time as allowed under the SCA. <u>Id.</u> at 563. However, Mr. Loving acknowledges that on October 21, 2008, the BOP adopted regulations that do not contain the limiting criteria that was included in the April 14, 2008, Memorandum,[17] and contrary to petitioner's allegation, nothing in the responses to administrative appeals by the petitioner indicates that the decision at each or any level was based upon arguably discretion limiting criteria contained in the April 14, 2008, Memorandum.[18] Consequently, the decision and reasoning in <u>Strong</u> is inapplicable here, and is not binding precedent in any event.

As previously discussed herein, the Second Chance Act allows the BOP to grant an inmate as much as the last 12 months of his sentence in RRC placement. 18 U.S.C. § 3624(c)(1). Petitioner alleges that the respondent is generally in non-compliance with the SCA

---

[16] Pet. for Writ of Habeas Corpus 7 [Docket No. 1]; Mem. in Support of Pet'r 2 [Docket No. 2].

[17] Memorandum in Support of Petitioner, page 4.

[18] Indeed, in <u>Strong</u>, the court expressly stated, "[u]nlike the April 14, 2008, Memorandum, the [October 21, 2008, regulation] does not limit the discretion of staff to designate inmates to a [half-way house] for more than six months:

> Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. § 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, with the time-frames set forth in this part.

28 C.F.R. § 570.22 (October 21, 2008)." <u>Strong</u>, 599 F.Supp.2d at 563.

because he is not being granted community confinement for a time of sufficient duration to provide the greatest likelihood of successful reintegration into the community, and that respondent failed to properly consider his individual circumstances. Matters to be considered under 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c)(6)(A) are: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted or recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the United States Sentencing Commission. In a written response to Mr. Loving's initial inquiry regarding the basis for the unit team' halfway house determination, his case manager advised Loving that the recommendation was made in consideration of his documented family and community ties, established release residence with his wife, general job skills, financial resources, and life skills. As to Sentencing Commission policy, the unit team considered the sentencing guidelines range of 262 to 327 months for his offense, and found that Mr. Loving's 210-month sentence was significantly below the guidelines recommendation, and the sentencing court's only statement on the matter was a suggestion that the defendant be housed near Chicago. The unit team also considered the petitioner's history of violence, including his conviction for shooting a person in the head, as well as an incident report for assault with serious injury to another inmate during a prison disturbance.[19] Based upon these considerations, along with the absence of extraordinary or compelling circumstances to justify a longer RRC placement, the

---

[19] Mem. in Support of Pet'r, Attach. <u>See</u> Decl. of Anne Kinyon, ¶3 and Attach. B, Review for Residential Reentry Center, Second Chance Act of 2007.

unit team recommended a maximum halfway house release of 180 days. Petitioner's argument simply does not establish the existence of circumstances warranting relief and does not state grounds upon which to conclude that the BOP failed to address certain criteria or based its determination on RRC placement on improper factors or limits on discretion. See Miller v. Whitehead, 527 F.3d 752 (8th Cir. 2008).[20]

**RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein, it is hereby **recommended** that Bryant Loving's petition under 28 U.S.C. § 2241 for writ of habeas corpus be **DISMISSED** with prejudice. [Docket No. 1].

Dated:   August 12, 2009

  s/ Arthur J. Boylan

---

[20] Miller v. Whitehead, 527 F.3d 752, was based upon pre-SCA regulations, but the decision was rendered subsequent to enactment of the SCA, and the opinion contains dicta on the effect of the SCA on half-way house placements. In Miller, the court concluded that the applicable BOP policy statement on early RRC referral, PS 7310.04, did not conflict with 18 U.S.C. § 3621(b) and did not categorically exclude inmates from RRC placements greater that 6 months. The court further stated:

> "[t]he new BOP guidance issued in light of the Second Chance Act includes an 'adjustment' to PS 7310.04 [*Inmate Requests for Transfer to Residential Reentry Center*, memorandum dated November 14, 2008], which states that 'RRC needs can usually be accommodated by a placement of six months or less,' and that placement in an RRC for more than six months must be approved in writing by a regional director of the BOP. Subject to further elaboration by the BOP or a specific decision by a warden applying this guidance, we do not understand this adjustment to supersede the provision of PS 7310.04 stating that 'placement beyond 180 days [is] highly unusual, and only possible with extraordinary justification.'"

Miller, 527 F.3d at 757, n.4.

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. Written objections shall be filed with the Clerk of Court and served upon opposing parties before August 26, 2009. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.